IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GAVIN BOLOSAN, #A1055979, | ) CIV. NO. 18-00473 JMS-WRP |
|---|---|
| Plaintiff, | ) ORDER GRANTING |
| | ) (1) DEFENDANT FONSECA'S |
| vs. | ) MOTION FOR SUMMARY |
| | ) JUDGMENT, ECF NO. 15; AND |
| COURTNEY TANIGAWA, *et al.*, | ) (2) DEFENDANT TANIGAWA'S |
| | ) MOTION FOR SUBSTANTIVE |
| Defendants. | ) JOINDER, ECF NO. 25 |
| _____ | ) |

**<u>ORDER GRANTING (1) DEFENDANT FONSECA'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 15; AND (2) DEFENDANT TANIGAWA'S MOTION FOR SUBSTANTIVE JOINDER, ECF NO. 25</u>**

Before the court is Defendant Kevin Fonseca's Motion for Summary Judgment ("Motion") and Defendant Courtney Tanigawa's Motion for Substantive Joinder in Fonseca's Motion ("Joinder Motion"). Mots., ECF Nos. 15, 25. Defendants assert that Plaintiff Gavin Bolosan, an inmate currently incarcerated at the Halawa Correctional Facility ("HCF"), failed to exhaust available prison administrative remedies prior to filing this suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *See* Mem. in Support, ECF No. 15.

Although given an extension of time to do so, Bolosan has not filed an Opposition to the Motion. *See* ECF Nos. 18 (setting scheduling date and

providing Notice to Pro Se Litigants); 28 (noting that Bolosan's Opposition was late and directing him to notify the court, on or before July 12, 2019, whether he will oppose the Motion and showing cause why he failed to meet the deadline for filing an Opposition).

Because Tanigawa seeks the same relief as Fonseca—dismissal of this action for Bolosan's failure to exhaust administrative remedies before commencing suit—her Joinder Motion is GRANTED. *See Mohr v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 2476791, at *8 (D. Haw. June 13, 2019) ("A substantive joinder under Local Rule 7.9 is a vehicle 'through which a party may seek for itself the same relief the movant seeks.'") (citing *Pascua v. Option One Mortg. Corp.*, 2014 WL 4180947, at *1 n.1 (D. Haw. Aug. 20, 2014) (further citation omitted).

Because Bolosan fails to rebut Defendants' Motion by showing that he exhausted available administrative remedies prior to filing this action, and there being no basis in the record to excuse this failure, Defendants' Motion for Summary Judgment is GRANTED.

## I. **BACKGROUND**

Bolosan is in the custody of the Hawaii Department of Public Safety ("DPS"), and seeks relief under 42 U.S.C. § 1983. He commenced this action on

or about November 28, 2018, when he mailed his Complaint from the prison to the court for filing. *See* ECF Nos. 1, 1-1. He alleged that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments on or about March 31, 2018, when they denied his request for a lower bunk, despite their alleged knowledge of his need for such an accommodation.

On January 31, 2019, the court dismissed the Complaint in part, finding that Bolosan stated colorable claims against Tanigawa and Fonseca in their individual capacities. Order, ECF No. 4. The court directed service on these claims only.

On April 5, 2019, Fonseca filed an Answer to the Complaint, ECF No. 11, and on May 2, 2019, he filed the present Motion, ECF No. 15.

On June 4, 2019, Tanigawa filed an Answer and a Motion for Leave to File Substantive Joinder in Fonseca's Motion. ECF Nos. 22, 23. On June 5, 2019, the court granted Tanigawa's Motion for Leave to File Substantive Joinder, and on June 6, 2019, Tanigawa file her Joinder Motion. ECF Nos. 24, 25.

On June 25, 2019, the court directed Bolosan to explain, on or before July 12, 2019, why he had failed to file an Opposition to Fonseca's Motion and whether he intended to file an Opposition. ECF No. 28. Bolosan has filed no response.

A hearing is not necessary to resolve Defendants' Motion. *See* Local Rule LR7.2; LR99.16.2 (designating all hearings in pro se prisoner cases as non-hearing motions unless otherwise ordered by the court).

## II. LEGAL STANDARD

Summary judgment is proper when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" when a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other uncorroborated assertions are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an

essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). That is, the moving party must demonstrate through authenticated evidence that the record forecloses the possibility of a reasonable trier-of-fact finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court must view all evidence and inferences in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

If the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). This requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat a summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324.

For purposes of opposing summary judgment, the contentions offered by a pro se litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge, set forth facts that would be admissible into evidence, and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## III. **DISCUSSION**

### A. 42 U.S.C. § 1997e(a)

The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (quoting § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted). Requiring exhaustion allows prison officials "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204. The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need

not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)) (emphasis omitted). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross*, 136 S. Ct. at 1862. Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S. at 738).

Failure to exhaust is an affirmative defense. *Bock*, 549 U.S. at 216. The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries his burden, the burden shifts to the inmate to "show that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

**B.     PPM Policy No. COR.12.03**

The DPS's grievance procedures are contained in its Corrections Administration Policy and Procedures Manual ("PPM"), Policy No. COR.12.03

(Inmate Grievance Program ("IGP"), eff. July 1, 2015). *See* Defs.' Concise Statement of Facts ("CSF"), ECF No. 16-2. Policy No. COR.12.03.8 sets forth a three-step grievance procedure that applies to all inmates regarding incidents that arise while an inmate is incarcerated at a facility in Hawaii. *See id.*, COR.12.03.4.1.

Generally, a prisoner must file an initial grievance within fourteen days of the incident grieved, subject to certain exceptions. *See id.*, COR.12.03.8.1-2. If the inmate is unsatisfied with the Section Supervisor's response, or fails to receive a timely response, he may appeal to the Warden/Branch/Core Program Administrator, and if still unsatisfied, to the Division Administrator. *Id.*, COR.12.03.8.3(d). If a prisoner "reasonably believes the issue is sensitive," or fears for his safety if he pursued the normal grievance procedure, he may submit a grievance directly to the Division Administrator in a sealed envelope marked "Confidential." *Id.*, COR.12.03.8.3(b). Inmates may also file emergency grievances, defined as "[g]rievances of an exigent nature requiring an immediate resolution or a more expedited process." COR.12.03.8.3(c).

The IGP explicitly notifies prisoners that completion of all three steps is normally required before filing litigation in the federal courts. *See* COR.12.03.4.7. And, each grievance form has three steps that the inmate must check to indicate

the level of his grievance and who will respond. All submitted grievances are recorded in the DPS Offendertrak system. Laux Decl. ¶ 2, ECF No. 16-1.

**C.     Analysis**

Bolosan filed Step-1 grievance No. 413084, regarding his claims that Tanigawa and Fonseca denied him a lower bunk, on April 2, 2018, within days of the alleged incident. *See* CSF, ECF No. 16-3. Grievance No. 413084 was denied, though by whom and on what date is not indicated on the copy submitted into the record. Inmate Grievance Specialist Charles J. Laux states that he found sixty-four grievances filed by Bolosan in Offendertrak, but only No. 413084 relates to Bolosan's claims against Tanigwa and Fonseca, and there are no Step-2 or Step-3 appeals of No. 413084 in the Offendertrak system. *See* Laux Decl. ¶ 11, ECF No. 16-1 ("In my review of the grievance file for inmate Bolosan, I did not see an appeal of the grievance document with Control No. 413084."). Laux states that he found no "further documentation that shows inmate Bolosan exhausting the three-step IGP of the PSD administrative remedies for any incident that allegedly occurred on March 31, 2018." *Id.* Defendants therefore carry their burden to demonstrate that Bolosan failed to exhaust available administrative remedies before initiating this action.

The burden now shifts to Bolosan to come forward with evidence showing that Defendants are incorrect, or that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). *Ross* outlined three "circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." 136 S. Ct. at 1859. These are when: (1) the "administrative procedure . . . operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands"; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60 (citations omitted). Beyond these limited circumstances, the mandatory language of § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, [or] even to take [special] circumstances into account." *Id.* at 1856-57.

Bolosan has failed to oppose the Motion, although given ample opportunity to do so. Bolosan therefore fails to carry his burden to show that he exhausted

10

available administrative remedies before commencing this action, or that prison officials prevented him from pursuing a grievance in any manner as set forth in *Ross*. 136 S. Ct. at 1860.

### IV. **CONCLUSION**

(1) Defendant Courtney Tanigawa's Motion for Substantive Joinder in Fonseca's Motion for Summary Judgment is GRANTED.

(2) Defendants Kevin Fonseca's and Courtney Tanigawa's Motion for Summary Judgment is GRANTED and this action is DISMISSED without prejudice for Bolosan's failure to exhaust available prison administrative remedies before commencing this action. *See* 42 U.S.C. § 1997e(a).

(3) The Clerk is instructed to enter judgment and terminate this action. Any pending motions are denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Bolosan v. Tanigawa, et al.*, 1:18 cv 00473 JMS WRP; Exh '19 Bolosan 18 473 jms (grt SJ, no opp'n)